IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARLENE VARANAVAGE | : | CIVIL ACTION |
| v. | : | |
| EMERY AIRFREIGHT CORPORATION, et al. | : | NO. 02-8353 |

ORDER

AND NOW, this 4th day of April, 2003, upon consideration of defendants' second motion to compel, plaintiff's response thereto, and the letter of defendants of this day[1], and the Court finding that:

(a) This is the second motion to compel necessitated by plaintiff's inadequate responses to discovery;

(b) In their motion to compel, defendants seek responses to five discovery items: Interrogatories 10(c) and 10(e), and Requests for Production of Documents 9, 11, and 12;

(c) Interrogatories 10(c) and 10(e) seek tax and employment information pertinent to plaintiff's lost wage claim;

(d) Since plaintiff represents in her response to the motion to compel that she is withdrawing her lost wage claim, the motion as to those interrogatories shall be denied on grounds of mootness and relevancy and plaintiff shall be prohibited from presenting a claim for lost wages;

---

[1] Which we attach to this Order.

(e) Request for Production 9 seeks all records from plaintiff's family physician covering the previous ten years;

(f) Since it is clear from plaintiff's response to the motion to compel and defendants' letter that those documents have now been furnished to plaintiff, defendants' motion to compel as to Request for Production 9 shall also be denied on grounds of mootness;

(g) Request for Production 11 seeks tax documents pertinent to plaintiff's lost wage claim, and since plaintiff has represented to defendants and the Court that she is withdrawing that claim, defendants' motion to compel a response to Request for Production 11 shall be denied on grounds of mootness and relevancy;

(h) Finally, Request for Production 12 seeks to obtain a copy of plaintiff's automobile insurance policy, and since plaintiff represents in her memorandum of law that her automobile insurance policy at the time of the accident was the statutorily-defined Limited Tort option, that Request for Production shall be denied as unreasonably cumulative or duplicative, or obtainable from some other source, Fed. R. Civ. P. 26(b)(2)(i);

It is hereby ORDERED that defendant's motion to compel (Doc. No. 9) is DENIED and plaintiff is precluded from requesting relief of lost wages.

BY THE COURT:

_____
Stewart Dalzell, J.